FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 13 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

In the United States District Court
Eastern District of Arkansas
Central Division

Joy Yyuvone Heidelberger

Plaintiff

v.                          Case No. 4:20cv507-KGB

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC

Defendants

This case assigned to District Judge Baker
and to Magistrate Judge Harris

## Complaint

1.      Defendants sought a default judgment during debt-collection litigation even though Joy Yyuvone Heidelberger timely filed and served her answer. Defendants also communicated with Heidelberger during debt-collection litigation when they knew she was represented by her attorney.

### Jurisdiction

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 15 U.S.C. § 1692k(d).

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, et seq. ("AFDCPA"), in their illegal efforts to collect a consumer debt from Heidelberger.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

5.      Defendants have transacted business within Arkansas by attempting to collect a debt from Heidelberger using the mail and litigation, while she was located within and permanently residing in Arkansas.

## Parties

### Joy Yyuvone Heidelberger

6.    Heidelberger is a natural person who currently and permanently resides in Conway, Faulkner County, Arkansas.

7.    Heidelberger is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

### Lloyd & McDaniel, PLC

8.    Lloyd & McDaniel, PLC (Lloyd & McDaniel) is a foreign limited liability company operating from 11405 Park Road, Louisville, KY 40223.

9.    Lloyd & McDaniel is a law firm.

10.    The FDCPA and the AFDCPA applies "to lawyers engaged in litigation[.]"[1]

11.    Lloyd & McDaniel is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

12.    Lloyd & McDaniel uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

13.    Lloyd & McDaniel regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed to another.

14.    Lloyd & McDaniel devotes a substantial percentage of its business and resources to debt collection.

15.    Lloyd & McDaniel derives a substantial amount of its revenue from debt collection.

16.    Lloyd & McDaniel markets itself as a debt collector.

---

[1] See Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

17.   Lloyd & McDaniel's website states that it "has provided its clients with exceptional service in the area of creditors' rights on behalf of banks and financial institutions, leasing companies, and many other credit grantors."[2]

18.   Lloyd & McDaniel's website and allows consumers to make payment on defaulted debt.[3]

### *Portfolio Recovery Associates, LLC*

19.   Defendant Portfolio Recovery Associates, LLC (Portfolio Recovery Assocs.) is a foreign limited liability company operating from 120 Corporate Boulevard, Norfolk, VA 23501.

#### *Portfolio Recovery Assocs. is a debt collector*

20.   Portfolio Recovery Assocs. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

21.   The term "debt collector" has two prongs:

  a.   any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

  b.   any person who regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

22.   Portfolio Recovery Assocs. uses the mails and telephone system in its business, the principal purpose of which is the collection of debts.

---

[2] *See* https://www.lloydmc.com/ [last checked on April 12, 2020].

[3] *See* https://www.lloydmc.com/Home/MakeAPayment [last checked April 12, 2020].

3

23.   Portfolio Recovery Assocs. purchases defaulted accounts of consumer debt and then attempts to collect these debts. Among other things, it files thousands of debt collection lawsuits in its own name as plaintiff.

24.   Portfolio Recovery Assocs. does not originate loans or extend credit to consumers or have any source of revenue other than liquidation of consumer debts.

25.   Portfolio Recovery Assocs. purchases defaulted consumer debts for pennies on the dollar, so that it can derive large profits from collecting on the consumer debt it purchases.

26.   Portfolio Recovery Assocs. retains law firms, like Lloyd & McDaniel to file debt collection lawsuits against consumers. Portfolio Recovery Assocs. obtains judgments against consumers and then executes on the judgments by wage and account garnishments against consumers.

27.   Portfolio Recovery Assocs.' debt collection complaints are supported by the affidavits of employees of Portfolio Recovery Assocs. that state the consumer owes Portfolio Recovery Assocs. a certain balance on delinquent accounts.

28.   Portfolio Recovery Assocs. is a wholly-owned subsidiary of PRA Group, Inc. (PRA Group), a public company, and share common management with PRA Group.

29.   Portfolio Recovery Assocs. is one of the largest debt buyers and collectors in the United States.

30.   Portfolio Recovery Assocs. sends collection letters by U.S. mail, call consumers from call centers in the United States, furnishes consumer information to credit reporting agencies, and sues consumers in state courts across the country.

31.   Portfolio Recovery Assocs. purchases portfolios of old consumer debt from the nation's largest banks, and other types of consumer, retail, and auto finance

4

companies, and government entities, for pennies on the dollar. These debts primarily consist of charged-off consumer credit card debts, obtained at various points after default.

32.    In the year proceeding the filing of this civil action, Portfolio Recovery Assocs. filed thousands of debt collection lawsuits in Arkansas courts, and many more across the country.

33.    Portfolio Recovery Assocs. is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

34.    The term "collection agency" has three prongs:

a.    any person, partnership, corporation, association, limited liability corporation, of firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due to be owed or due to another; or

b.    any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection; or

c.    any person partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills. Ark. Code Ann. § 17-24-501.

35.    Portfolio Recovery Assocs.'s license with the Arkansas State Board of Collections means that it meets at least one of the three prongs of the term "collection agency."

5

## Factual Allegations

36.   Within one year immediately preceding the filing of this pleading,
Defendants attempted to collect from Heidelberger a financial obligation that was
primarily for personal, family or household purposes, and is therefore a "debt" as that
term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(5)(A), in the
approximate amount of $1,997.16, the alleged balance on a defaulted Marvel
branded credit card issued by Synchrony Bank to Heidelberger.

37.   Portfolio Recovery Assocs. purchased the debt from Synchrony Bank.

38.   Portfolio Recovery Assocs. retained Lloyd & McDaniel to collect the debt
from Heidelberger.

39.   On January 3, 2020, Portfolio Recovery Assocs. filed a collection lawsuit
against Heidelberger in the Circuit Court of Faulkner County, Arkansas.[4]

40.   On January 14, 2020, Portfolio Recovery Assocs. served the summons and
complaint on a family member at Heidelberger's home, making Heidelberger's answer
due on February 13, 2020.[5]

41.   Heidelberger retained counsel to represent her in the debt collection
litigation.

42.   On February 13, 2020, filed and served her answer to the complaint on
Defendants.[6]

---

[4] See Exhibit 1, Complaint filed in *Portfolio Recovery Associates LLC v. Yyuvone Childers*, Case No.
23CV-20-16. Childers is Mrs. Heidelberger's former last name.

[5] See Exhibit 2, Affidavit of Service.

[6] See Exhibits 3 and 4, Answer and Notice of Electronic Service.

43. On February 13, 2020, Defendants knew Heidelberger was represented by counsel.

44. On February 14, 2020, Defendants moved for a default judgment and served the motion for default judgment on Heidelberger through US Mail.[7] Heidelberger received the motion for default judgment in the mail.[8]

45. The motion for default judgment falsely represented that "no parties have filed an answer with the Court or Circuit Clerk ... and the Plaintiff is entitled to a Default Judgment." [9] The truth of these representations were sworn to by an attorney for Lloyd & McDaniel in front of a notary public commissioned by the state of Kentucky.[10]

46. Heidelberger suffered actual damages in the form of emotional distress damages. She had retained an attorney to represent her in the debt-collection litigation and communicate with the debt collectors who had sued her. Receiving the motion for default judgment personally put her at unease with the decision to retain counsel and made her wonder and question if and how her retained counsel was competently handling her case.

47. The Circuit Court of Faulkner County agreed that Heidelberger had timely filed her answer, and the Portfolio Recovery Assocs. was not entitled to a default judgment.[11]

---

[7] *See* Exhibit 5, Motion for Default Judgment.

[8] *See* Exhibit 6, Motion for Default Judgment received by Heidelberger in US mail.

[9] *See* Exhibits 5 and 6, ¶ 3.

[10] *Id.*, p. 2.

[11] *See* Exhibit 7, Order.

48.   Defendants' attempts to collect this debt by moving for a default judgment when she had timely filed and served her answer and serving the motion for default judgment on her personally when Defendants knew she was represented by counsel were false and deceptive attempts to collect a debt in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, amongst others, and the AFDCPA, Ark. Code Ann. §§ 17-24-504(a)(2), 17-24-505(a), 17-24-506(a), 17-24-506(a)(5), 17-24-506(b)(10), and 17-24-507(a). [12]

49.   All of the communications as alleged herein by these Defendants and the employees and agents of Defendants, respectively, constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

#### Summary

50.   Defendants' communication with Heidelberger after they knew she was represented by her attorney, was an unfair and deceptive attempt to collect this debt, which materially mislead Heidelberger as to her rights under the FDCPA and the AFDCPA, and which affected and frustrated Heidelberger ability to intelligently respond to Defendants' collection efforts.

---

[12] See e.g. *Reygadas v. DNF Assocs. LLC*, 2019 WL 2146603 (W.D. Ark., Oct. 7, 2019) (summary judgment granted in favor of consumer on issue of debt collector's liability under FDCPA and AFDCPA after debt buyer / debt collector communicated directly with consumer after service of answer in debt-collection litigation); See e.g. *Weinstein v. Mandarich Law Group, L.L.P.*, 2018 WL 6199249 (W.D. Wash., Nov. 28, 2018); *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567 (S.D.N.Y., Sept. 23, 2015); *Harrington v. CACV, L.L.C.*, 508 F. Supp. 2d 128 (D. Mass. 2007).

51.   All of the communications as alleged herein by these Defendants and the employees and agents of Lloyd & McDaniel and Portfolio Recovery Assocs., respectively, constitute false and deceptive collection communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

## Respondeat Superior Liability

52.   The acts and omissions of these individuals, and the other debt collectors employed as agents by Lloyd & McDaniel and Portfolio Recovery Assocs., respectively, who communicated with Heidelberger and others as more further described herein, were committed with the time and space limits of their agency relationship with their principals, Lloyd & McDaniel and Portfolio Recovery Assocs., respectively.

53.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Lloyd & McDaniel and Portfolio Recovery Assocs., respectively, in collecting consumer debts.

54.   By committing these acts and omissions against Heidelberger, these individuals and these other debt collectors were motivated to benefit their principals, Lloyd & McDaniel and Portfolio Recovery Assocs., respectively.

55.   At all times relative to this Complaint, Lloyd & McDaniel was an agent of its principal, Portfolio Recovery Assocs.

56.   Defendants are therefore liable to Heidelberger.

9

**Standing**

57. Heidelberger has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court.

58. Heidelberger's injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

59. Heidelberger has incurred attorney's fees and costs to defend the debt-collection litigation that was frustrated by Defendants' contacts with her instead of her attorney.

60. Many provisions of the FDCPA, the AFDCPA, and Arkansas's common law recognize a consumer's rights to and to redress for violations of those rights, including the right hire an attorney and have all communication from the debt collector regarding the debt directed to her attorney, under 15 U.S.C. § 1692c(a)(2) and Ark. Code Ann. § 17-24-504(a)(2).

61. These sections of the FDCPA and AFDCPA recognize a consumer's right to retain and be represented by counsel, protect the consumer's relationship with her attorney, and protects her attorney's authority to effectively represent the consumer by requiring the debt collector to communicate only with the attorney once the debt collector is informed of the attorney's retention.

62. The rights under the FDCPA and the AFDCPA to have all communication from debt collectors to a consumer's attorney are not merely procedural because they affirmatively prohibit debt collectors from contacting represented consumers.

63.   Breaches of the rights under the FDCPA and the AFDCPA to have all communication from debt collectors directed to a consumer's attorney causes harm to consumers, in this case Heidelberger, as contacts in violation of these rights harms consumers by interfering with the client-attorney relationship and undermining the consumer attorney's authority as the consumer's representative.

64.   Heidelberger has incurred attorney's fees to defend the debt-collection litigation that was frustrated by Defendants' contacts with her instead of her attorney.

## Causes of Action

### Count I – Violations of the FDCPA, 15 U.S.C. 1692, et seq.

65.   Heidelberger incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.   The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq, with respect to Heidelberger.

67.   As a result of Defendants' violations of the FDCPA, Heidelberger is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

68.   Heidelberger incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.   The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the AFDCPA, Ark. Code Ann. 17-24-501, et seq., with respect to Heidelberger.

70.   As a result of Defendants' violations of the AFDCPA, Heidelberger is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and, reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants herein.

## Jury Demand

71.   Heidelberger demands a trial by jury.[13]

## Prayer for Relief

72.   Plaintiff Joy Yyuvone Heidelberger prays a judgment be entered against Defendants as follows:

   a.   for an award of actual damages under 15 U.S.C. § 1692k(a)(1), and Ark. Code Ann. § 17-24-512(a)(1), against Defendants and for Heidelberger;

   b.   for an award of statutory damages of $1,000.00, under to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant and for Heidelberger,

   c.   for an award of statutory damages of $1,000.00, under Ark. Code Ann. § 17-24-512(a)(2)(A), against each Defendant and for Heidelberger;

---

[13] U.S. Const. amend. 7. and Fed. R. Civ. P. 38.

d.   for an award of costs of litigation and a reasonable attorneys' fees

under 15 U.S.C. 1692k(a)(3), and Ark. Code Ann. § 17-24-

512(a)(3)(A) against Defendants; and

e.   for such other and further relief as may be just and proper.

Respectfully submitted,

By: _____

Corey D. McGaha
Ark. Bar No. 2003047
COREY D MCGAHA PLLC
5507 Ranch Drive, Suite 104-D
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@mcgahalaw.com

In the United States District Court
Eastern District of Arkansas
Western Division

Joy Yyuvone Heidelberger                                         Plaintiff

v.                            Case No. _____

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC                               Defendants

**Complaint – Exhibit 1**

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2020-Jan-03 14:04:58
23CV-20-16
C20D03 : 23 Pages

## UNIFORM COVER PAGE

[To be used when required by Administrative Order No. 2 (g)*]

COURT:          IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CIVIL DIVISION

Docket/Case Number:

CASE NAME:

PLAINTIFF/PETITIONER:    PORTFOLIO RECOVERY ASSOCIATES, LLC

DEFENDANT/RESPONDENT:    YYUVONE CHILDERS

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):    COMPLAINT

*Administrative Order No 2.

(g) *File Mark.* (1)There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.



IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CIVIL DIVISION

PORTFOLIO RECOVERY ASSOCIATES ,                                      PLAINTIFF
LLC

              vs.                              CASE NO.

YYUVONE CHILDERS                                                     DEFENDANT

                              COMPLAINT

The Plaintiff, PORTFOLIO RECOVERY ASSOCIATES , LLC, by and through its Attorneys,

Lloyd & McDaniel, PLC, and for its cause of action against the Defendant alleged and states as

follows:

1.  Plaintiff is a foreign entity authorized to do business in the State of Arkansas pursuant to

    Arkansas Code Annotated 4-27-1501.

2.  That the Defendant herein is believed to be a resident of Faulkner County, Arkansas and

    this Court has jurisdiction of the parties and the subject matter herein.

3.  SYNCHRONY BANK issued a credit card in the Defendant's name.  PORTFOLIO

    RECOVERY ASSOCIATES, LLC is the current owner of the account after purchasing

    the account for good and valuable consideration.  The Defendant received and used the

    card and thereby became obligated to pay for the charges incurred with the card.

4.  The contract between the parties became binding when the cardholder retained the card

    and made use of it, thereby agreeing to the terms of the written agreement.  *In re*

    *Pettingill*, 403 B.R. (Bkrtcy E.D. Ark. 2009) (citing *Citibank South Dakota N.A. v.*

    *Santoro*, 210 Or. App. 344, 349, 150 P. 3d 429, 432 (2006))  Even though the agreement

was unsigned, a binding contract between the Debtor and Creditor was formed when the debtor used the card and received the benefit of the bargain. *In re Brown*, 403 B.R. 1 (Bkrtcy. E.D. Ark 2009).

5.  The Defendant received and used the credit card knowing the credit card issuer had an expectation of repayment for any and all charges incurred with the card, together with interest thereon. With each use of the credit card, the issuer paid money on the Defendant's behalf to the merchant with whom credit was used.

6.  Monthly bills were sent from the credit card issuer to the Defendant, stating, *inter alia*, all charges incurred with the credit card, the monthly payment due, and the total balance. To the best of the Plaintiff's knowledge the Defendant never sent any disputes to the credit card issuer on the monthly bills or in relation to the charges contained therein. Each monthly statement informed the Defendant of the duty and opportunity to submit any disputes of the charges contained in the statements, in writing within sixty (60) days from the date of the statement. Defendant's failure to submit such disputes constitutes admission of the account balance. *See, American Express Travel Related Services v. Silverman,* 2006 Ohio 6374, 2006 Ohio Opp. LEXIS 6327 (Ohio Ct. App. Dec. 5, 2006).

7.  The Defendant defaulted in the payment obligation to pay for the charges incurred with the card, which constitutes a breach of contract that proximately caused the credit card issuer damages in the amount of the balance due on the account. That obligation has been duly assigned to the Plaintiff, who is the party entitled to enforce the contract and receive payment of the credit card balance.

8. The Plaintiff, as the assignee of the credit card issuer's right to be repaid by Defendant, is entitled to recover from the Defendant the sum of $1,997.16 as is shown by the Affidavit of Account attached hereto.

9. Through its undersigned attorney, the Plaintiff has demanded payment from the Defendant and the Defendant has not satisfied that demand. The Plaintiff has performed all conditions precedent to the following of this action, or all such conditions precedent have occurred.

10. Plaintiff has attached an Affidavit of Account as Exhibit I, the Assignment/Bill of Sale as Exhibit II, the account statement as Exhibit III, and the Terms and Conditions as Exhibit IV.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES, prays for judgment against YYUVONE CHILDERS in the sum of $1,997.16 together with the costs of this action , and for post judgment interest at the maximum rate allowed by Arkansas law and all other relief to which the Plaintiff may be entitled.

_____
W. Anderson Woodford (2016103)
Joshua A. De Renzo (2017019)
LLOYD & MCDANIEL, PLC
Attorneys for Plaintiff
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

This firm is acting as a debt collector. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

PR035848/PARSUIT/KH2

# EXHIBIT I

**AFFIDAVIT**

~~Dianna Hayes~~

I, the undersigned, _____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **SYNCHRONY BANK/MARVEL** and those records transferred to Account Assignee from **SYNCHRONY BANK** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **12/20/2018**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **YYUVONE CHILDERS** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,034.16** with the respect to account number **ending in 5274** as of the date of **02/20/2018** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$1,997.16** as due and owing as of the date of this affidavit.

6. Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____ , Custodian of Records

Dianna Hayes

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

# DEC 03 2019

Dianna Hayes

Subscribed and sworn to (or affirmed) before me on _____ of _____ , by _____ ,
proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____

Notary Public





DANIELLE ROSE WINKLE
Notary Public - California
San Diego County
Commission # 2253436
My Comm. Expires Aug 10, 2022

# EXHIBIT II


**BANK**

4125 Windward Plaza
Alpharetta, Ga. 30005-8378

### BILL of SALE

#### PRA (XO9S) – PLCC 120 Day MP – December 2018

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Accounts Purchase Agreement (the "Agreement"), dated as of this 24th day of August 2018, by and between Synchrony Bank formerly known as GE Capital Retail Bank; RFS Holding LLC. and Retail Finance Credit Services, LLC., ("Seller") and Portfolio Recovery Associates, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Accounts as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on December 20, 2018, and as further described in the Agreement.

Synchrony Bank

By: _Ken Wojcik_
Ken Wojcik

Title:  SVP Collections & Recovery

RFS Holding LLC

By: _Ken Wojcik_
Ken Wojcik

Title:  Attorney In Fact

Retail Finance Credit Services, LLC

By: _Ken Wojcik_
Ken Wojcik

Title:  Attorney In Fact

| ADDRESS_FLAG | |
|---|---|
| SECOND_NAME_2 | |
| RECORD_TYPE | A |
| RECEIPT_DATE | 20180222 |
| POST_C/O_INTEREST | |
| POST_C/O_FEES | |
| MOBILE_PHONE | |
| LPA | 00000004800 |
| CO_HOME_PHONE_NUMBER | |
| CO_CUSTOMER_TYPE | |
| CO_AGENCY_CODE | |
| AGENCY_CODE | |
| LAST_PAYMENT_DATE | 20170819 |
| INTEREST_RATE | 0000 |
| COUNTY | |
| CO_CUSTOMER_ID | |
| CHARGE_OFF_AMOUNT | 0000148823 |
| ACCOUNT_NUMBER | |
| LAST_CONTACT_DATE | 20170827 |
| FORMAT_CODE | B |
| CONTRACT_DATE | 20160904 |
| CHARGE_OFF_DATE | 20180220 |
| ACCRUED_INTEREST | 000054593 |
| TITLE | |
| POST_C/O_PAYMENTS | |
| NET_INTEREST | 000054593 |
| LIABLE | |
| LAST_COMMENT_LINE_1 | |
| LAST_COMMENT_DATE | 00000000 |
| HOME_PHONE_FLAG | |
| FILLER1 | |
| FILLER | |
| EMPLOYERS_NAME | |
| DPS_ID_AGENCY_ATTY_CODE | XO9S |
| DEALER_CODE | |
| CO_ZIP_CODE | |
| CO_TITLE | |
| CO_BIRTH_DATE | |
| NAME | CHILDERS          YYUVONE |
| RECOVERY_SCORE | 000 |
| NET_PRINCIPAL | 000148823 |
| NET_ASSOCIATED_COSTS | 000000000 |
| ACCOUNT_ADDRESS_2 | |
| WORK_PHONE_FLAG | |
| USER_FIELD | 0181 |
| SECOND_NAME_1 | |

| LAST_INTEREST_DATE | 00000000 |
|---|---|
| HOME_PHONE_NUMBER | |
| EMPLOYERS_ADDRESS | |
| CUSTOMER_ID | |
| CITY | CONWAY |
| BIRTH_DATE | |
| ACCOUNT_ADDRESS_1 | 2018 PRINCE ST |
| STATE | AR |
| OTHER_INCOME | 000000000 |
| MONTHLY_PAYMENT | 000000000 |
| LAST_COMMENT_LINE_3 | |
| LAST_COMMENT_LINE_2 | |
| LANG_IND | EN |
| CUSTOMER_TYPE | I |
| CO_SEQUENCE_NUMBER | |
| CO_RECORD_TYPE | |
| CO_FORMAT_CODE | |
| CO_EMPLOYERS_NAME | |
| ASSOCIATED_COSTS | 000000000 |
| ACCOUNT_STATUS | SF2 |
| CO_ACCOUNT_ADDRESS_1 | |
| ZIP_CODE | 72034-3865 |
| WORK_PHONE_NUMBER | |
| SOURCE_CODE | A |
| OWN_RENT_CODE | |
| OTHER_OBLIGATIONS | 000000000 |
| MONTHLY_INCOME | 000000000 |
| LOAN_TYPE_CODE | CHAC |
| LENDING_OFFICER_CODE | MAR001 |
| FORMER GE ACCOUNT NUMBER | |
| FDOD | 20170825 |
| CURRENT_BALANCE | 0000203416 |
| CO_STATE | |
| CO_EMPLOYERS_ADDRES S | |
| CHARGE_OFF_REASON_C ODE | WNPY |
| SEQUENCE_NUMBER | 00 |
| POST C/O CREDITS | |
| NEXT_PAYMENT_DATE | 00000000 |
| LAST_PURCHASE_DATE | 20161207 |
| FILLER2 | |
| COMMISSION_RATE | 0000 |
| CO_WORK_PHONE_NUMBE R | |
| CO_NAME | |
| CO_COUNTY | |
| CO_CITY | |

CO_ACCOUNT_ADDRESS_2

# EXHIBIT III

YYUVONE CHILDERS
Account Number: ███████████

Visit us at mymarvelcard.com
Customer Service: 1-866-258-1192

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $1,997.16 |
| - Other Credits | $2,034.16 |
| + Fees Charged | $37.00 |
| New Balance | $0.00 |
| | |
| Credit Limit | $1,500.00 |
| Available Credit | $0.00 |
| Cash Limit | $300.00 |
| Available Cash | $0.00 |
| Statement Closing Date | 02/20/2018 |
| Days in Billing Cycle | 26 |

## Payment Information

| | |
|---|---|
| New Balance | $0.00 |
| Amount Past Due | $0.00 |
| Total Minimum Payment Due | $710.00 |
| Payment Due Date | 02/22/2018 |

**Late Payment Warning:** If we do not receive your Total Minimum Payment Due by the Payment Due Date listed above, you may have to pay a late fee up to $37.00.

## Statement Credit Earned this period

| | |
|---|---|
| Dining, Select Entertainment, Marvel.Com (3%) | |
| All other purchases (1%) | $0.00 |
| Total Statement Credit earned this period: | $0.00 |
| Annual Statement Credit earned | $0.00 |

## Marvel Mastercard

Remember, you can earn cash back as a statement credit when you use your Marvel Mastercard.

## Transaction Summary

| Tran Date | Post Date | Reference Number | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| 02/20 | 02/20 | F140700E300999990 | CHARGE OFF ACCOUNT-PRINCIPALS | ($1,488.23) |
| 02/20 | 02/20 | F140700E300999990 | CHARGE OFF ACCOUNT-INTEREST CHARGE | ($545.93) |
| | | | **FEES** | |
| 02/17 | 02/17 | | LATE FEE | $37.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | $37.00 |
| | | | **INTEREST CHARGED** | |
| 02/20 | 02/20 | | INTEREST CHARGE ON PURCHASES | $0.00 |
| 02/20 | 02/20 | | INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | $0.00 |

### 2018 Totals Year-to-Date

| | |
|---|---|
| Total Fees Charged in 2018 | $74.00 |
| Total Interest Charged in 2018 | $44.38 |
| Total Interest Paid in 2018 | $0.00 |

## Interest Charge Calculation
Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Expiration Date | Annual Percentage Rate | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | N/A | 26.24% (v) | $0.00 | $0.00 |
| Cash Advances | N/A | 29.99% | $0.00 | $0.00 |

(v) = Variable Rate

**PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.**

NOTICE: We may convert your payment into an electronic debit. See reverse for details. Billing Rights and other important information.

6640     WCB     1     3 22  180220        2 X PAGE 1 of 3        1407  1000  N103  010E8640

Detach and mail this portion with your check. Do not include any correspondence with your check.

**Account Number:** ███████

| Total Minimum Payment Due | Amount Past Due | Payment Due Date | Overlimit Amount | New Balance |
|---|---|---|---|---|
| $710.00 | $0.00 | 02/22/2018 | $0.00 | $0.00 |

Payment Enclosed: **$** ☐ ☐ ☐ ☐ ☐ . ☐ ☐
Please use blue or black ink.

New address or email? Print changes on back.

YYUVONE CHILDERS
2018 PRINCE ST
CONWAY AR 72034-3865

Make Payment to: MARVEL MC/SYNCB
PO BOX 530939
ATLANTA, GA 30353-0939

**Cardholder News and Information**
Statement not provided to customer.

—|

# EXHIBIT IV

**Template 53 f/v**

### SYNCHRONY BANK
### PRICING INFORMATION ADDENDUM
### FOR YOUR MARVEL MASTERCARD® ACCOUNT ACCOUNT ENDING IN 5274

| Interest Rates and Interest Charges | |
|---|---|
| **Annual Percentage Rate (APR) for Purchases** | The APR for your purchases is the prime rate plus 21.74%. <br><br> The daily rate for purchases is the prime rate plus 21.74%, times 1/365. <br><br> This APR will vary with the market based on the prime rate. |
| **APR for Cash Advances** | The APR for cash advances is **29.99%.** <br><br> The daily rate for cash advances is 0.08217%. |
| **Paying Interest** | Your due date is at least 23 days after the close of each billing cycle.  We will not charge you any interest on purchases if you pay your entire balance by the due date each month.  We will begin charging interest cash advances and balance transfer on the transaction date. |
| **Minimum Interest Charge** | If you are charged interest, the charge will be no less than $2.00. |

**SEE NEXT PAGE for more important information about your account.**

| Fees | |
|---|---|
| **Transaction Fees** | |
| • Cash Advance | Either **$10** or **5%** of the amount of each cash advance, whichever is greater (maximum fee **Not Applicable**). |
| • Foreign Transaction | **3% of the transaction**. |
| **Penalty Fees** | |
| • Late Payment | Up to **$37** |
| | The amount of the late payment fee will be equal to: (1) $27 if you have paid at least your total minimum payment due by the due date in each of the prior six billing cycles or (2) $37 if you have failed to pay at least the total minimum payment due by the due date in any one or more of the prior six billing cycles. However, if the late payment fee would exceed the total minimum payment for which the late payment fee is assessed, the amount of the late payment fee will instead be equal to the amount of the total minimum payment that was due. |

**How We Will Calculate Your Balance:**   We use a method called "daily balance".

**Variable Rate Information**
The "Prime Rate" for a billing period is the highest bank prime loan rate as published in *The Wall Street Journal* in its Money Rates section on the last business day of the calendar month preceding the first day of the billing period.

If the Prime Rate increases, the daily rates (and corresponding APRs) may increase. As a result, interest, your total minimum payment and the number of payments it would take you to pay off your account balance may increase. We will apply any change in the daily rates because of a Prime Rate change to your entire account balance. A change in the Prime Rate will take effect on the first day of the billing cycle after the change. We may select a new interest rate index if the Prime Rate is not available.

**SYNCHRONY FINANCIAL**
**SECTION I: RATES AND FEES TABLE**
**MARVEL MASTERCARD® ACCOUNT AGREEMENT**

Information from Section I of the Marvel MasterCard Account Agreement is provided in the accompanying Pricing Information Addendum.

**SECTION II: RATES, FEES AND PAYMENT INFORMATION**
**MARVEL MASTERCARD® ACCOUNT AGREEMENT**

| How Interest is Calculated | |
|---|---|
| **Your Interest Rate** | We use a daily rate to calculate the interest on the balance on your account each day. The daily rate for purchases is the APR times 1/365. Interest will be imposed in amounts or at rates not in excess of those permitted by applicable law. |
| | See the accompanying Pricing Information Addendum for your daily rate for purchases and cash advances and corresponding APR information. |
| **When We Charge Interest** | **Purchases.** We charge interest on your purchases from the date you make the purchase until you pay the purchase in full. See exceptions below. |
| | • We will not charge you interest during a billing cycle on any non-promotional purchases if: |
| | 1. You had no balance at the start of the billing cycle; OR |
| | 2. You had a balance at the start of the billing cycle and you paid that balance in full by the due date in that billing cycle. |
| | • We will credit, as of the start of the billing cycle, any payment you make by the due date that we allocate to non-promotional purchases if: |
| | 1. You had no balance at the start of the previous billing cycle; OR |
| | 2. You had a balance at the start of the previous billing cycle and you paid that balance in full by the due date in the previous billing cycle. |
| | **Cash Advances.** We charge interest on your cash advances, and their related fees, from the date you make the transaction until you pay them in full. You cannot avoid paying interest on cash advances or their related fees. |
| **How We Calculate Interest** | We figure the interest charge on your account separately for each balance type. We do this by applying the daily rate to the daily balance for each day in the billing cycle. A separate daily balance is calculated for the following balance types, as applicable: purchases, cash advances and balances subject to different interest rates, plans or special promotions. See below for how this works. |
| | 1. How to get the daily balance. We take the starting balance each day, add any new charges and fees, and subtract any payments or credits. This gives us the daily balance. |
| | We apply fees to balance types as follows: |
| | (a) late payment fees are treated as new purchases; |
| | (b) debt cancellation fees are added proportionately to each balance; |
| | (c) cash advance fees are added to the cash advance balance; and |
| | (d) foreign transaction fees are added to the purchase balance. |
| | 2. How to get the daily interest amount. We multiply each daily balance by the daily rate that applies. |
| | 3. How to get the starting balance for the next day. We add the daily interest amount in step 2 to the daily balance from step 1. |
| | 4. How to get the interest charge for the billing cycle. We add all the daily interest amounts that were charged during the billing cycle. |
| | We charge a minimum interest in any billing cycle in which you owe interest. This charge is added proportionately to each balance type. See the accompanying Pricing Information Addendum for the amount of your minimum interest charge. |

| How Fees Work | |
|---|---|
| **Cash Advance Fee** | We will charge this fee for each cash advance you make. For ATM cash advances this fee is in addition to any fee the ATM owner may charge you for use of the ATM. |
| **Foreign Transaction Fee** | We will charge this fee for purchases or cash advances you make in currencies other than U.S dollars and/or in a country other than the U.S, whether or not the transaction was in a foreign currency. |
| | If you have a transaction with your account in a currency other than U.S. dollars, MasterCard will convert the transaction amount into U.S. dollars using its currency conversion procedure. Under the currency conversion procedure that MasterCard currently uses, the non-U.S. dollar transaction amount is converted to a U.S. dollar amount by multiplying the transaction amount in the non-U.S. dollar currency by a currency conversion rate. The currency conversion rate that MasterCard typically uses is either a government-mandated rate, or a wholesale rate provided to MasterCard. The currency conversion rate that MasterCard uses for a particular transaction is the rate MasterCard uses for the applicable currency when the transaction is processed. This rate may differ from the rate in effect when the transaction occurred or when it was posted to your account, and may be higher than the rate you could have gotten if you had converted U.S. dollars into the foreign currency. |
| **Late Payment Fee** | We will charge this fee if we do not receive the total minimum payment due on your account by 5 p.m. (ET) on the due date. See the accompanying Pricing Information Addendum for the amount of this fee. |

**Minimum Payment Calculation**

See the accompanying Variable Terms Addendum for how your total minimum payment due is calculated.

## SECTION III: STANDARD PROVISIONS
## MARVEL MASTERCARD® ACCOUNT AGREEMENT

### ABOUT THE CREDIT CARD ACCOUNT AGREEMENT

**This Agreement.** This is an Agreement between you and Synchrony Bank, 170 Election Road, Suite 125, Draper, UT 84020, for your credit card account shown above. By opening or using your account, you agree to the terms of the entire Agreement. The entire Agreement includes the four sections of this document and the application you submitted to us in connection with the account. These documents replace any other agreement relating to your account that you or we made earlier or at the same time.

**Parties To This Agreement.** This Agreement applies to each accountholder approved on the account and each of you is responsible for paying the full amount due, no matter which one uses the account. We may treat each of you as one accountholder and may refer to each of you as "you" or "your". Synchrony Bank may be referred to as "we", "us" or "our".

**Changes To This Agreement.** We may change, add or delete terms of this Agreement, including interest rates, fees and charges.

**Special Promotions.** The terms of this Agreement apply to any special promotion. However, any special promotional terms that are different than the terms in this Agreement will be explained on promotional advertising or other disclosures provided to you.

### HOW TO USE YOUR ACCOUNT/CARD

**Use Of Your Account.** You may use your account only for lawful personal, family or household purposes. You may use your account for purchases from Marvel.com, Marvel's official merchandise booths, or from any merchant that accepts MasterCard credit cards. You may get cash advances as further explained below. You may not use your account to pay amounts you owe us on this account or any other account you have with us.

**Cash Advances.** We may offer you the opportunity to get a cash advance with convenience checks that we send you. We may not honor a convenience check for any reason stated on the check. You can also get cash or make a withdrawal from any institution or ATM that accepts the card or the account. In addition, we will treat any purchase of certain cash like items as cash advances. Cash like items include for example, money orders, cashier's checks, traveler's checks, electronic or wire transfers, foreign currency or other in bank transactions, tax payments, lottery tickets or other legalized gambling transactions, court costs, bail bonds and fines.

**You Promise To Pay.** You promise to pay us for all amounts owed to us under this Agreement.

**Your Responsibility.** Each accountholder will receive a card. You may not allow anyone else to use your account. If you do, or if you ask us to send a card to someone else, you will be responsible for paying for all charges resulting from their transactions.

**Transaction Limits.** To prevent fraud, we may limit the number or dollar amount of any type of transactions you can make in any particular amount of time. We also may decline any particular charge on your account for any reason.

**Credit Limit.** You will be assigned a credit limit and cash advance limit on your account that we may increase or decrease from time to time. If we approve a transaction that makes you go over your credit limit or your cash advance limit, we do not give up any rights under this Agreement and we do not treat it as an increase in either limit.

### HOW AND WHEN TO MAKE PAYMENTS

**When Payments Are Due.** You must pay at least the total minimum payment due on your account by 5 p.m. (ET) on the due date of each billing cycle. Payments received after 5 p.m. (ET) will be credited as of the next day. You may at any time pay, in whole or in part, the total unpaid balance without any additional charge for prepayment. If you have a balance subject to interest, earlier payment may reduce the amount of interest you will pay. We may delay making credit available on your account in the amount of your payment even though we will credit your payment when we receive it.

**Payment Options.** You can pay by mail or online. We may allow you to make payments over the phone but we will charge you a fee to make expedited phone payments. Your payment must be made in U.S. dollars by physical or electronic check, money order or a similar instrument from a bank located in the United States.

**How To Make A Payment.** You must follow the instructions for making payments provided on your billing statement. If you do not, credit of your payment may be delayed up to five days. Your billing statement also explains how information on your check is used.

**Payment Allocation.** We will apply the required total minimum payment to balances on your account using any method we choose. Any payment you make in excess of the required total minimum payment will be applied to higher APR balances before lower APR balances. Applicable law may require or permit us to apply excess payments in a different manner in certain situations, such as when your account has a certain type of special promotion.

### INFORMATION ABOUT YOU

**Using And Sharing Your Information.** When you applied for an account, you gave us and Marvel information about yourself that we could share with each other. Marvel will use the information in connection with the credit program and for things like creating and updating its records and offering you special benefits. More information about how we use and share information is set forth in the privacy policy for your account.

**Address/Phone Change.** You represent that any phone number that you provide to us belongs to you and/or that you are authorized to provide that number. You also agree to tell us right away if you change your address or any phone number.

**Consent To Communications.** You consent to us, as well as any other owner or servicer of your account, contacting you through any channel of communication and for any purpose, as permitted by applicable law. For informational, servicing or collection related communications, you agree that we may use the phone numbers that you provide to us to contact your cellular phone or wireless device with text messages, artificial or prerecorded voice calls, and calls made by an automatic telephone dialing system. This consent applies even if you are charged for the call under your plan. You are responsible for any charges that may be billed to you by your communications carrier when we contact you.

**Telephone Monitoring.** For quality control, you allow us to listen to and/or record telephone calls between you and us.

### IMPORTANT INFORMATION ABOUT YOUR ACCOUNT

**Closing Your Account.** You may close your account at any time by sending a letter to the address shown on your billing statement or calling customer service. We may close your account at any time, for any reason. If your account is closed, you must stop using it. You must still pay the full amount you owe and this Agreement will remain in effect until you do.

**Collection Costs.** If we ask an attorney who is not our salaried employee to collect your account, we may charge you our collection costs. These include court costs and reasonable attorneys' fees.

**Credit Bureau Reporting.** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be shown in your credit report. Tell us if you think we reported wrong information about you to a credit bureau. Write to us at P.O. Box 965024, Orlando, FL 32896-5024. Tell us what information is wrong and why you think it is wrong. If you have a copy of the credit report that includes the wrong information, send us a copy.

**Default.** You are in default if you make a late payment, do not follow any other term of this Agreement or become bankrupt or insolvent. If you default or upon your death, we may (a) request payment of the full amount due right away, (b) take legal action to collect the amounts owed, and/or (c) take any other action allowed.

**Disputed Amounts.** The billing rights summary in section IV of this Agreement describes what to do if you think there is a mistake on your bill. If you send us correspondence about a disputed amount or payment, you must send it to the address for billing inquiries. We do not give up any rights under this Agreement if we accept a payment marked "payment in full" or given with any other conditions or limitations.

**Unauthorized Use.** If your card is lost, stolen or used without your consent, call us immediately at 1-866-243-0226. You will not be liable for unauthorized use on your account, but you will be responsible for all use by anyone you give your card to or allow to use your account.

## IMPORTANT INFORMATION ABOUT THIS AGREEMENT

**Assignment.** We may sell, assign or transfer any or all of our rights or duties under this Agreement or your account, including our rights to payments. We do not have to give you prior notice of such action. You may not sell, assign or transfer any of your rights or duties under this Agreement or your account.

**Enforceability.** If any part of this Agreement is found to be void or unenforceable, all other parts of this Agreement will still apply.

**Governing Law.** Except as provided in the Resolving a Dispute with Arbitration section, this Agreement and your account are governed by federal law and, to the extent state law applies, the laws of Utah without regard to its conflicts of law principles. This Agreement has been accepted by us in Utah.

**Waiver.** We may give up some of our rights under this Agreement. If we give up any of our rights in one situation, we do not give up the same right in another situation.

## RESOLVING A DISPUTE WITH ARBITRATION

**PLEASE READ THIS SECTION CAREFULLY. IF YOU DO NOT REJECT IT, THIS SECTION WILL APPLY TO YOUR ACCOUNT, AND MOST DISPUTES BETWEEN YOU AND US WILL BE SUBJECT TO INDIVIDUAL ARBITRATION. THIS MEANS THAT: (1) NEITHER A COURT NOR A JURY WILL RESOLVE ANY SUCH DISPUTE; (2) YOU WILL NOT BE ABLE TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING; (3) LESS INFORMATION WILL BE AVAILABLE; AND (4) APPEAL RIGHTS WILL BE LIMITED.**

- **What claims are subject to arbitration**

  1. If either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you or any other user of your account, and us, our affiliates, agents and/or Marvel if it relates to your account, except as noted below.

  2. We will not require you to arbitrate: (1) any individual case in small claims court or your state's equivalent court, so long as it remains an individual case in that court; or (2) a case we file to collect money you owe us. However, if you respond to the collection lawsuit by claiming any wrongdoing, we may require you to arbitrate.

  3. Notwithstanding any other language in this section, only a court, not an arbitrator, will decide disputes about the validity, enforceability, coverage or scope of this section or any part thereof (including, without limitation, the next paragraph of this section and/or this sentence). However, any dispute or argument that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide.

- **No Class Actions**

  **YOU AGREE NOT TO PARTICIPATE IN A CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION AGAINST US IN COURT OR ARBITRATION. ALSO, YOU MAY NOT BRING CLAIMS AGAINST US ON BEHALF OF ANY ACCOUNTHOLDER WHO IS NOT AN ACCOUNTHOLDER ON YOUR ACCOUNT, AND YOU AGREE THAT ONLY ACCOUNTHOLDERS ON YOUR ACCOUNT MAY BE JOINED IN A SINGLE ARBITRATION WITH ANY CLAIM YOU HAVE.**

  If a court determines that this paragraph is not fully enforceable, only this sentence will remain in force and the remainder will be null and void, and the court's determination shall be subject to appeal. This paragraph does not apply to any lawsuit or administrative proceeding filed against us by a state or federal government agency even when such agency is seeking relief on behalf of a class of borrowers, including you. This means that we will not have the right to compel arbitration of any claim brought by such an agency.

- **How to start an arbitration, and the arbitration process**

  1. The party who wants to arbitrate must notify the other party in writing. This notice can be given after the beginning of a lawsuit or in papers filed in the lawsuit. Otherwise, your notice must be sent to Synchrony Bank, Legal Operation, P.O. Box 29110, Shawnee Mission, KS 66201, ATTN: ARBITRATION DEMAND. The party seeking arbitration must select an arbitration administrator, which can be either the American Arbitration Association (AAA), 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org, (800) 778-7879, or JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com, (800) 352-5267. If neither administrator is able or willing to handle the dispute, then the court will appoint an arbitrator.

  2. If a party files a lawsuit in court asserting claim(s) that are subject to arbitration and the other party files a motion with the court to compel arbitration, which is granted, it will be the responsibility of the party asserting the claim(s) to commence the arbitration proceeding.

  3. The arbitration administrator will appoint the arbitrator and will tell the parties what to do next. The arbitrator must be a lawyer with at least ten years of legal experience. Once appointed, the arbitrator must apply the same law and legal principles, consistent with the FAA, that would apply in court, but may use different procedural rules. If the administrator's rules conflict with this Agreement, this Agreement will control.

  4. The arbitration will take place by phone or at a reasonably convenient location. If you ask us to, we will pay all the fees the administrator or arbitrator charges, as long as we believe you are acting in good faith. We will always pay arbitration costs, as well as your legal fees and costs, to the extent you prevail on claims you assert against us in an arbitration proceeding which you have commenced.

- **Governing Law for Arbitration**

  This Arbitration section of your Agreement is governed by the Federal Arbitration Act (FAA). Utah law shall apply to the extent state law is relevant under the FAA. The arbitrator's decision will be final and binding, except for any appeal right under the FAA. Any court with jurisdiction may enter judgment upon the arbitrator's award.

- **How to reject this section.**

  **You may reject this Arbitration section of your Agreement. If you do that, only a court may be used to resolve any dispute or claim. To reject this section, you must send us a notice within 60 days after you open your account or we first provided you with your right to reject this section. The notice must include your name, address and account number, and must be mailed to Synchrony Bank, P.O. Box 965012, Orlando, FL 32896-5012. This is the only way you can reject this section.**

## SECTION IV: OTHER IMPORTANT INFORMATION
## SYNCHRONY BANK CREDIT CARD ACCOUNT AGREEMENT

This section of the agreement includes state notices, billing rights summary and rewards terms (if applicable) and is not required to be provided as part of the request for customer agreement.

**SYNCHRONY BANK**
**VARIABLE TERMS ADDENDUM FOR**
**YOUR MARVEL  MASTERCARD®**

**Total Minimum Payment.**

Your total minimum payment will be calculated as shown below. We round up to the next highest whole dollar in figuring your total minimum payment. If your new balance on your billing statement is less than the amount in section 1 below, then your total minimum payment will be equal to the new balance. Your total minimum payment will be the greater of:

1.      $25, or $35 if you have failed to pay at least the total minimum payment due by the due date in any one or more of the prior six billing cycles, or

2.      the sum of any past due amounts, 1% of the new balance shown on your billing statement, any late payment fees charged to your account in the current billing cycle, all interest charged to your account in the current billing cycle and any payment due in connection with a specific promotional purchase.

**MARVEL**
**[$25/$35_VTA]**

In the United States District Court
Eastern District of Arkansas
Western Division

Joy Yyuvone Heidelberger                                    Plaintiff

v.                              Case No. _____

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC                          Defendants

**Complaint – Exhibit 2**

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2020-Jan-19 22:48:39
23CV-20-16
C20D03 : 3 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY
### STATE OF ARKANSAS

| | |
|---|---|
| **PORTFOLIO RECOVERY ASSOCIATES , LLC** <br> Plaintiff/Petitioner | Cause No.:   **23CV-20-16** <br> Hearing Date: |
| vs. <br> **YYUVONE CHILDERS** <br> Defendant/Respondent | DECLARATION OF SERVICE OF <br> **Summons; Complaint** |

## AFFIDAVIT OF SERVICE

This affidavit is for service on **YYUVONE CHILDERS**

☐ I personally delivered the **Summons; Complaint** to the individual at _____
_____ [place]  on _____ [date]; or

☐ I left the **Summons; Complaint** in the proximity of the individual by _____
after he/she refused to receive it when I offered it to him/her; or

☒ I left the **Summons; Complaint** with **David Glaze**, a member of the defendant's family at least 18 years of age, at **31 Windwood Loop, Conway, Faulkner County, AR 72034**, a place where the defendant resides, on **14th day of January, 2020**; or

☐ I delivered the **Summons; Complaint** to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____
[name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the **Summons; Complaint** on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the **Summons; Complaint** by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service at _____
[place] :
_____

My fee is $: **$ 55.00**

REF:  **PR035848**

PAGE 1 OF 2
ORIGINAL PROOF OF
SERVICE



Tracking #: **0048517143**



**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

[Signature of server]

_____

[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

DATED this **14** day of **Jan** , 20**20**

_____

Tommy Wise, Reg. # 23LS-18-14, Circuit Court of Searcy County

Subscribed and Sworn to before me this **14** day of **January** , 20**20**

_____

NOTARY PUBLIC in and for the State of **Arkansas**

Residing at: **Pulaski**

My commission expires **August 4, 2029**

> JUSTIN REDDIG
> MY COMMISSION # 12708630
> EXPIRES: August 4, 2029
> Pulaski County

Additional information regarding service or attempted service:

**David Glaze, DESCENDANT, CO-RESIDENT, who accepted service, with identity confirmed by subject stating their name, a brown-haired white male approx. 25-35 years of age, 5'10"-6'0" tall and weighing 240-300 lbs. Accepted service without complaint.**

 

Tracking #: **0048517143**

 **IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI**

| Judge or Division:<br>JOHN A NICHOLAS | Case Number:<br>19AP-AC01466 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MIDLAND FUNDING LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID REID GAMACHE<br>GAMACHE & MYERS P C<br>1000 CAMERA AVE SUITE A<br>ST. LOUIS, MO 63126<br>(314) 835-6600 | FILED<br>MELISSA HOLCOMB-CLERK<br>Tuesday, December 24, 2019<br>JASPER COUNTY<br>CIRCUIT COURT<br>JOPLIN, MISSOURI |
| Defendant/Respondent:<br>KAY KLEEMAN | Date, Time and Location of Court Appearance:<br>19-FEB-2020, 01:30 PM | |
| Nature of Suit:<br>AC Suit on Account | Division I - Joplin<br>601 S. Pearl<br>JOPLIN, MO 64801 | (Date File Stamp) |

## Associate Division Summons

**The State of Missouri to: KAY KLEEMAN**
Alias:

2719 W 23RD ST
JOPLIN, MO 64804

**COURT SEAL OF**

**JASPER COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____12/24/2019_____          **/S/ ASHLEY AURAND**
Date                                              Clerk

Further Information:          MELISSA HOLCOMB-CIRCUIT CLERK

### Sheriff's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☒ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
    _Thomas Kleeman_ , a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
_____ (name) _____ (title).
☐ other: _____ .
Served at _2719 W 23rd ter Joplin mo_ (address) in
_Jasper_ (County/City of St. Louis), MO, on _2-13-10_ (date) at _1:55_ (time).

_Dan 2-14-_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _2-14-19_ (date).

(Seal)          My commission expires: _8/19/23_          _Adam Hampton_
                                    Date                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

ADAM HAMPTON
Notary Public - Notary Seal
Jasper County - State of Missouri
Commission Number 19358045
My Commission Expires Aug 19, 2023

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

In the United States District Court
Eastern District of Arkansas
Western Division

Joy Yyuvone Heidelberger                                    Plaintiff

v.                          Case No. _____

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC                          Defendants

**Complaint – Exhibit 3**

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2020-Feb-13 13:34:25
23CV-20-16
C20D03 : 3 Pages

In the Circuit Court of Faulkner County, Arkansas

Cavalry SPV I, LLC                                                           Plaintiff

v.                                    Case No. 23CV-20-16

Yyuvone Childers                                                        Defendant

## Answer

Defendant Yyuvone Childers files this Answer to Plaintiff Portfolio Recovery
Associates, LLC's Complaint.

### Admissions and Denials

1.      With respect to the averments in paragraph 1 of the Complaint,
Defendant is without knowledge or information sufficient enough to form a belief
as to the truth of the averments in paragraph 1 of the Complaint, and therefore
denies these averments.

2.      Defendant admits the averments in paragraph 2 of the Complaint.

3.      With respect to the averments in paragraph 3 of the Complaint,
Defendant admits Synchrony Bank issued a credit card in her name and denies the
remaining averments in paragraph 3 of the Complaint.

4.      Defendant denies the averments in paragraph 4 of the Complaint.

5.      Defendant denies the averments in paragraph 5 of the Complaint.

6.      Defendant denies the averments in paragraph 6 of the Complaint.

7.      Defendant denies the averments in paragraph 7 of the Complaint.

8.      Defendant denies the averments in paragraph 8 of the Complaint.

9.      Defendant denies the averments in paragraph 9 of the Complaint.

10.   Defendant denies the averments in paragraph 10 of the Complaint.

11.   Defendant denies Plaintiff is entitled to a Judgment in the amount of
$1,997.16, plus costs, or any other relief.

## Affirmative Defenses

12.   Defendant is not liable to Plaintiff because Plaintiff cannot establish the
account is just and correct because the affidavit attached to the complaint does not
state the interest rate and the source of the interest rate as required by Ark. Code
Ann. § 16-45-104(b)(2)(6).

13.   Defendant is not liable to Plaintiff because Plaintiff is not entitled to the
presumption of correctness under Ark. Code Ann. § 4-107-306.

Therefore, Defendant prays for the following relief:

1) Render judgment in favor of her, and Plaintiff takes nothing;

2) Dismiss Plaintiff's Complaint with prejudice;

3) Award Defendant her attorney's fees and costs for defending against the
   Complaint as allowed by Ark. Code Ann. § 16-22-308; and

4) Award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

By:   /s/ Corey D. McGaha
      Corey D. McGaha
      Ark. Bar No. 2003047
      William T. Crowder
      Ark. Bar No. 2003138
      CROWDER MCGAHA, LLP
      5507 Ranch Drive, Suite 202
      Little Rock, AR 72223
      Phone: (501) 205-4026
      Fax: (501) 367-8208
      cmcgaha@crowdermcgaha.com
      wcrowder@crowdermcgaha.com

2

## Certificate of Service

I, Corey D. McGaha, certify that on February 13, 2020, consistent with the requirements of Ark. R. Civ. P. 5, a complete copy of the foregoing was electronically filed with the Clerk of the Court using the AOC Electronic Filing Systems (eFlex) system and electronically served on all parties of record in the eFlex system, per Arkansas Supreme Court Administrative Order 21, § 7(a), to the following:

W. Anderson Woodford
Joshua A. De Renzo

/s/ Corey D. McGaha

3

In the United States District Court
Eastern District of Arkansas
Western Division

Joy Yyuvone Heidelberger                                        Plaintiff

v.                          Case No. _____

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC                          Defendants

**Complaint – Exhibit 4**

4/21/2020                                        Crowder McGaha, LLP Mail - Courtesy NEF RE: 23CV-20-16

 GMail

                                                                    **Corey McGaha <cmcgaha@crowdermcgaha.com>**

---

## Courtesy NEF RE: 23CV-20-16

arkefiling@arcourts.gov <arkefiling@arcourts.gov>                                    Thu, Feb 13, 2020 at 1:58 PM
To: cmcgaha@crowdermcgaha.com

                        \*\*\* IMPORTANT NOTICE - READ THIS INFORMATION \*\*\*
                                            COURTESY
                            NOTICE OF ELECTRONIC FILING [NEF]

---

                        **An electronic filing has been accepted for approval by the Clerk**
*Please log into the Electronic Filing System to view the official Court notification and get full details of the document(s) accepted by the Clerk.*

---

**Case Number:**                              23CV-20-16
**Date Filing(s) Submitted (transmitted):**   02-13-2020:13:34:25

**List of Document(s) Submitted (transmitted):**   **Official File Stamp**
ANSWER/RESPONSE FILED                          02-13-2020:13:34:25

**Court:**                                    FAULKNER COUNTY CIRCUIT COURT

**Case Title:**                               PORTFOLIO RECOVERY ASSOC V YYUVONE CHILDERS

**Filed by:**                                 Corey D McGaha

You may review this filing by clicking on the following link to take you to your cases.

---

                    This notice was automatically generated by the court's auto-notification system.

---

**The following people were served electronically on 02-13-2020:13:58:18:**
                            W ANDERSON WOODFORD
                            COREY DARNELL MCGAHA

---

            The filing party is responsible for service of documents if it was not served by the electronic filing system.

---

                        **Section 7 of Administrative Order 21 - Electronic Service**

(a) **Consent to electronic service.** Registered users of the electronic filing system consent to electronic service of electronic documents as the only means deemed to constitute service and such notice of filing is valid and effective service of the document on the registered users and shall have the same legal effect as service by conventional means.
(b) **Applicability.** Complaints, petitions, subpoenas, or other documents that must be served with a summons may not be served electronically.
(c) **Service on registered users.**
(1) The electronic filing system shall provide notice to all registered users associated with the case that an electronic document has been filed and is available on the document management system. The notice shall be sent electronically to the addresses furnished by the registered users associated with the case.
(2) When the clerk accepts a conventional document for filing pursuant to Section 3(c) and converts it to an electronic document that is stored in the document management system, the electronic filing system shall provide notice of this conventional filing to the registered users associated with the case.
(d) **Service on nonregistered recipients.** The registered user filing an electronic document shall serve nonregistered parties as otherwise provided by law or rule.
(e) **Time of service; time to respond.** Electronic service is complete at the time of transmission of the notice required by Section 7(c). For the purpose of computing time to respond to documents served via electronic service, any document served on a day or at a time when the court is not open for business shall be deemed served at the time of the next opening of the clerk for business.

In the United States District Court
Eastern District of Arkansas
Western Division

Joy Yyuvone Heidelberger                                        Plaintiff

v.                              Case No. _____

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC                              Defendants

**Complaint – Exhibit 5**

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2020-Feb-14 12:59:30
23CV-20-16
C20D03 : 9 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
### CIVIL DIVISION

PORTFOLIO RECOVERY ASSOCIATES ,
LLC,

      *Plaintiff*

      vs.              CASE NO. 23CV-20-16

YYUVONE CHILDERS,
      *Defendant*

### **MOTION FOR DEFAULT JUDGMENT**

The Plaintiff, PORTFOLIO RECOVERY ASSOCIATES , LLC, by and through its attorney Lloyd & McDaniel, PLC, for its motion for Default Judgment; pursuant to Rule 55 of the Arkansas Rules of Civil Procedure states:

1.     This matter is submitted to the Court upon the Complaint as filed herein, with Exhibits, including a copy of the Bill of Sale on the Account, Affidavits of Account forming the basis of this action and the summons issued by the Clerk of this Court against the Defendant.

2.     The complaint was filed on January 3, 2020.

3.     Defendant, YYUVONE CHILDERS, was duly served with the summons in the time and matter prescribed by law; and this Court has jurisdiction of the parties and subject matter in this cause. Thereafter, no parties have filed an answer with the Court or Circuit Clerk of Faulkner County, Arkansas and the Plaintiff is entitled to a Default Judgment.

4.     Plaintiff, by its attorney, states that pursuant to a search of the Department of Defense website (the result of which is attached) the Defendant has not been at any time since the filing of this action, nor is Defendant now, in the Active Military Service of the United States.

WHEREFORE, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES , LLC, respectfully prays that a Default Judgment be entered as follows:

1.      Plaintiff shall have judgment in personam against YYUVONE CHILDERS in the amount of $1,997.16 as of February 13, 2020, plus court costs as of the date of judgment in the amount of $242.50, and costs for the filing of any executions, including judgment liens and garnishments, which may issue hereafter and until this Judgment is satisfied.

Respectfully Submitted,

PORTFOLIO RECOVERY ASSOCIATES , LLC

W. Anderson Woodford (2016103)
Joshua A. De Renzo (2017019)
LLOYD & MCDANIEL, PLC, *Attorneys for Plaintiff*
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

Commonwealth of Kentucky

County of Jefferson

Subscribed and sworn to before me by the undersigned on this __13__ day of

__Feb__ , 20 __20__ .

My Commission Expires: 9|27|2021

CLARISSA JOHNSON
Notary Public-State at Large
KENTUCKY - Notary ID # 587107
My Commission Expires 09-27-2021

NOTARY PUBLIC

PR035848/PARMDJ/NC2

**CERTIFICATE OF MAILING**

I, the undersigned, do hereby certify that I have mailed a copy of the foregoing, by

United States Mail, postage pre-paid this ___14___ day of ___Feb_____, 20_20_,

to the following:

Yyuvone Childers
31 Windwood Loop
Conway AR 72034

W. Anderson Woodford (2016103)
Joshua A. De Renzo (2017019)
LLOYD & MCDANIEL, PLC, *Attorneys for Plaintiff*
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

PR035848/PARMDJ/NC2

Pursuant to 15 U.S.C. § 1692e, this communication is from a debt collector.

# EXHIBIT I

Department of Defense Manpower Data Center

Results as of : Feb-12-2020 04:20:55 PM

SCRA 5.3



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date:
Last Name:      CHILDERS
First Name:     YYUVONE
Middle Name:
Status As Of:   Feb-12-2020
Certificate ID: 96CC2J4178ZPXPJ

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of
the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and
Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

IN THE CIRCUIT COURT OF FAULKNER COUNTY
STATE OF ARKANSAS

| | |
|---|---|
| **PORTFOLIO RECOVERY ASSOCIATES , LLC** | Cause No.:   **23CV-20-16** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **YYUVONE CHILDERS** | DECLARATION OF SERVICE OF |
| Defendant/Respondent | **Summons; Complaint** |

## AFFIDAVIT OF SERVICE

This affidavit is for service on **YYUVONE CHILDERS**

☐  I personally delivered the **Summons; Complaint** to the individual at _____ _____ [place]  on _____ [date]; or

☐  I left the **Summons; Complaint** in the proximity of the individual by _____ after he/she refused to receive it when I offered it to him/her; or

☒  I left the **Summons; Complaint** with **David Glaze**, a member of the defendant's family at least 18 years of age, at **31 Windwood Loop, Conway, Faulkner County, AR 72034**, a place where the defendant resides, on **14th day of January, 2020**; or

☐  I delivered the **Summons; Complaint** to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

☐  I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the **Summons; Complaint** on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐  I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the **Summons; Complaint** by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐  Other [specify]: _____

☐  I was unable to execute service at _____ [place] : _____ _____

My fee is $: **$ 55.00**

REF:  **PR035848**

Tracking #: 0048517143

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

[Signature of server]

_____

[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

DATED this _14_ day of _Jan_ , 20_20_

_Tommy Wise_

Tommy Wise, Reg. # 23LS-18-14, Circuit Court of Searcy County

Subscribed and Sworn to before me this _14_ day of _January_ , 20_20_

NOTARY PUBLIC in and for the State of Arkansas

Residing at: _Pulaski_

My commission expires _August 4, 2029_



JUSTIN REDDIG
MY COMMISSION # 12708630
EXPIRES: August 4, 2029
Pulaski County

Additional information regarding service or attempted service:
**David Glaze, DESCENDANT, CO-RESIDENT, who accepted service, with identity confirmed by subject stating their name, a brown-haired white male approx. 25-35 years of age, 5'10"-6'0" tall and weighing 240-300 lbs. Accepted service without complaint.**

PAGE 2 OF 2
ORIGINAL PROOF OF
SERVICE



Tracking #: **0048517143**

**AFFIDAVIT**

Dianna Hayes

I, the undersigned, _____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **SYNCHRONY BANK/MARVEL** and those records transferred to Account Assignee from **SYNCHRONY BANK** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **12/20/2018**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **YYUVONE CHILDERS** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,034.16** with the respect to account number **ending in 5274** as of the date of **02/20/2018** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$1,997.16** as due and owing as of the date of this affidavit.

6. Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

Dianna Hayes

By: _____, Custodian of Records

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

**DEC 0 3 2019**

Dianna Hayes

Subscribed and sworn to (or affirmed) before me on _____ of _____, by _____, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____

Notary Public



DANIELLE ROSE WINKLE
Notary Public - California
San Diego County
Commission # 2253436
My Comm. Expires Aug 10, 2022

In the United States District Court
Eastern District of Arkansas
Western Division

Joy Yyuvone Heidelberger                                      Plaintiff

v.                              Case No. _____

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC                            Defendants

**Complaint – Exhibit 6**

**PERSONAL & CONFIDENTIAL**
Yyuvone Childers
31 Windwood Loop
Conway AR 72034

This communication is from a debt collector.

**DISPOSITION SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceedings or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts.arkansas.gov.

**Case ID:** 23CV-20-16

PORTFOLIO RECOVERY ASSOCIATES , LLC     V     YYUVONE CHILDERS

**Trial Type:**     ☐ (J) Jury Trial     ☐ (B) Bench Trial     ☒ (N) Non-Trial

**Was an interpreter used for this case?**     ☐ Yes     ☒ No

For whom? _____

Language:     ☐ Spanish     ☐ Sign Language     ☐ Other: _____

**Was any party self-represented for any portion of the case?**     ☒ Yes     ☐ No

If so, who? YYUVONE CHILDERS

**Disposition Date:** February 13, 2020

**Manner of Disposition (Choose one)**

☐ (MDCO) Consolidated into case ID: _____

☐ (MDDM) Dismissed

☒ (MDJD) Judgment

☐ (MDAR) Removed to arbitration

☐ (MDRB) Removed to bankruptcy court

☐ (MDRF) Removed to other federal court

☐ (MDTR) Transferred to another circuit court

**Was a money judgment entered?**     ☒ Yes - Amount: $1,997.16     ☐ Joint & Several

☐ No

| Judgment for | Amount | Judgment Against | Amount |
|---|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES , LLC | $1,997.16 | YYUVONE CHILDERS | $1,997.16 |
|  |  |  |  |
|  | . |  |  |

February 13, 2020



IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CIVIL DIVISION

PORTFOLIO RECOVERY ASSOCIATES ,
LLC,

        *Plaintiff*

vs.                 CASE NO. 23CV-20-16

YYUVONE CHILDERS,
        *Defendant*

## **DEFAULT JUDGMENT**

Now, on _____, 20_____ this cause of action having been submitted to the Court for consideration upon the Complaint and exhibits filed herein the summons issued against the Defendant, YYUVONE CHILDERS, the return of the service showing proper service for the time in the manner required by Arkansas law, the evidence introduced by the Plaintiff, PORTFOLIO RECOVERY ASSOCIATES , LLC, and other matters and proof, the Court finds as follows:

The Defendant has been duly served with Summons for more than thirty (30) days before this date as required by Arkansas law; the Defendant has failed to appear and defend; and the Defendant is indebted to the Plaintiff by virtue of an account, due to the Plaintiff PORTFOLIO RECOVERY ASSOCIATES , LLC in the sum of $1,997.16 as of February 13, 2020, plus court costs as of the date of judgment in the amount of $242.50, and costs for the filing of any executions, including judgment liens and garnishments, which may issue hereafter and until this Judgment is satisfied.

IT IS, THEREFORE, BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that the Plaintiff have and recover of and from the Defendant, YYUVONE CHILDERS, $1,997.16 as of February 13, 2020, plus court costs as of the date of judgment in the amount of $242.50, and costs for the filing of any executions, including judgment liens and garnishments, which may issue hereafter and until this Judgment is satisfied.

IT IS FURTHER ORDERED AND ADJUDGED that pursuant to Arkansas Code Annotated 16-66-221 (Section 1 of Act 610 of 1991) the Defendant is ordered to file herein a schedule of real and personal property, including monies, bank accounts, rights, credits, and choices in action held by him/her, or others for him/her, and specify any particular property which the Defendant claims as exempt under provisions of law, and the schedule shall be filed with the clerk of this Court and a copy served upon Plaintiff's attorney within forty-five (45) days from the date of the entry of this Judgment.

IT IS SO ORDERED.

_____
JUDGE

PREPARED BY:

_____
W. Anderson Woodford (2016103) | Joshua A. De Renzo (2017019)
LLOYD & MCDANIEL, PLC, *Attorneys for Plaintiff*
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

COPIES TO:

Lloyd & McDaniel, PLC          Yyuvone Childers
                               31 Windwood Loop
                               Conway AR 72034

PR035848/PARMDJ/NC2

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CIVIL DIVISION

PORTFOLIO RECOVERY ASSOCIATES ,
LLC,

*Plaintiff*

vs.                              CASE NO. 23CV-20-16

YYUVONE CHILDERS,
*Defendant*

## **DEFAULT JUDGMENT**

Now, on _____, 20_____ this cause of action having been
submitted to the Court for consideration upon the Complaint and exhibits filed herein the summons
issued against the Defendant, YYUVONE CHILDERS, the return of the service showing proper
service for the time in the manner required by Arkansas law, the evidence introduced by the
Plaintiff, PORTFOLIO RECOVERY ASSOCIATES , LLC, and other matters and proof, the Court
finds as follows:

The Defendant has been duly served with Summons for more than thirty (30) days before
this date as required by Arkansas law; the Defendant has failed to appear and defend; and the
Defendant is indebted to the Plaintiff by virtue of an account, due to the Plaintiff PORTFOLIO
RECOVERY ASSOCIATES , LLC in the sum of $1,997.16 as of February 13, 2020, plus court
costs as of the date of judgment in the amount of $242.50, and costs for the filing of any executions,
including judgment liens and garnishments, which may issue hereafter and until this Judgment is
satisfied.

WHEREFORE, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES , LLC, respectfully prays that a Default Judgment be entered as follows:

1.     Plaintiff shall have judgment in personam against YYUVONE CHILDERS in the amount of $1,997.16 as of February 13, 2020, plus court costs as of the date of judgment in the amount of $242.50, and costs for the filing of any executions, including judgment liens and garnishments, which may issue hereafter and until this Judgment is satisfied.

Respectfully Submitted,

PORTFOLIO RECOVERY ASSOCIATES , LLC

W. Anderson Woodford (2016103)
Joshua A. De Renzo (2017019)
LLOYD & MCDANIEL, PLC, *Attorneys for Plaintiff*
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

Commonwealth of Kentucky

County of Jefferson

Subscribed and sworn to before me by the undersigned on this  13  day of
_____ Feb _____ , 20 20 .

My Commission Expires: 9|27|2024

NOTARY PUBLIC

PR035848/PARMDJ/NC2

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that I have mailed a copy of the foregoing, by

United States Mail, postage pre-paid this ___14___ day of ___Feb_____, 20_20_,

to the following:

Yyuvone Childers
31 Windwood Loop
Conway AR 72034

W. Anderson Woodford (2016103)
Joshua A. De Renzo (2017019)
LLOYD & MCDANIEL, PLC, *Attorneys for Plaintiff*
P.O. Box 23200 | Louisville, KY 40223-0200
Toll Free: 866.585.1880 | Fax: 502.585.3054
courts@lloydmc.com

PR035848/PARMDJ/NC2

Pursuant to 15 U.S.C. § 1692e, this communication is from a debt collector.

# EXHIBIT I

Department of Defense Manpower Data Center

Results as of : Feb-12-2020 04:20:55 PM

SCRA 5.3



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date:
Last Name:     CHILDERS
First Name:     YYUVONE
Middle Name:
Status As Of:     Feb-12-2020
Certificate ID:     96CC2J4178ZPXPJ

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

IN THE CIRCUIT COURT OF FAULKNER COUNTY
STATE OF ARKANSAS

**PORTFOLIO RECOVERY ASSOCIATES , LLC**
Plaintiff/Petitioner

vs.

**YYUVONE CHILDERS**
Defendant/Respondent

Cause No.:  **23CV-20-16**
Hearing Date:

DECLARATION OF SERVICE OF
**Summons; Complaint**

## AFFIDAVIT OF SERVICE

This affidavit is for service on **YYUVONE CHILDERS**

☐ I personally delivered the **Summons; Complaint** to the individual at _____
_____ [place]  on _____ [date]; or

☐ I left the **Summons; Complaint** in the proximity of the individual by _____
after he/she refused to receive it when I offered it to him/her; or

☒ I left the **Summons; Complaint** with **David Glaze**, a member of the defendant's family at least 18 years of age, at **31 Windwood Loop, Conway, Faulkner County, AR 72034**, a place where the defendant resides, on **14th day of January, 2020**; or

☐ I delivered the **Summons; Complaint** to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the **Summons; Complaint** on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the **Summons; Complaint** by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service at _____
[place] :
_____

My fee is $: **$ 55.00**

REF: **PR035848**

PAGE 1 OF 2
ORIGINAL PROOF OF
SERVICE



Tracking #: **0048517143**


**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

[Signature of server]

_____

[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

DATED this _14_ day of _Jan_____, 20_20_

_____

Tommy Wise, Reg. # 23LS-18-14, Circuit Court of Searcy County

Subscribed and Sworn to before me this _14__ day of _January_____, 20_20_

_____
NOTARY PUBLIC in and for the State of **Arkansas**
Residing at: _Palaski_
My commission expires _August 4, 2029_



JUSTIN REDDIG
MY COMMISSION # 12708630
EXPIRES: August 4, 2029
Pulaski County

Additional information regarding service or attempted service:

David Glaze, DESCENDANT, CO-RESIDENT, who accepted service, with identity confirmed by subject stating their name, a brown-haired white male approx. 25-35 years of age, 5'10"-6'0" tall and weighing 240-300 lbs. Accepted service without complaint.



## AFFIDAVIT

Dianna Hayes

I, the undersigned, _____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor SYNCHRONY BANK/MARVEL and those records transferred to Account Assignee from SYNCHRONY BANK ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on 12/20/2018. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from YYUVONE CHILDERS ("Debtor and Co-Debtor") to the Account Seller the sum of $2,034.16 with the respect to account number ending in 5274 as of the date of 02/20/2018 with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of $1,997.16 as due and owing as of the date of this affidavit.

6. Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

Dianna Hayes

By: _____, Custodian of Records

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

DEC 03 2019

Dianna Hayes

Subscribed and sworn to (or affirmed) before me on _____ of _____, by _____,
proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____

Notary Public





DANIELLE ROSE WINKLE
Notary Public - California
San Diego County
Commission # 2253436
My Comm. Expires Aug 10, 2022

In the United States District Court
Eastern District of Arkansas
Western Division

Joy Yyuvone Heidelberger                                      Plaintiff

v.                              Case No. _____

Lloyd & McDaniel, PLC; and
Portfolio Recovery Associates LLC                            Defendants

**Complaint – Exhibit 7**

ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2020-Feb-18  14:47:42
23CV-20-16
C20D03 : 2 Pages

In the Circuit Court of Faulkner County, Arkansas

Portfolio Recovery Associates, LLC                                    Plaintiff

v.                                Case No. 23CV-20-16

Yyuvone Childers                                                      Defendant

### Order

Before the Court is Plaintiff Portfolio Recovery Associates, LLC's Motion for Default Judgment. Defendant Yyuvone Childers has filed her opposition. After reviewing the briefs and exhibits filed by the parties, the Court finds that Defendant timely filed her answer on February 13, 2020. Plaintiff, therefore, is not entitled to a default judgment. Plaintiff's motion for default judgment is denied.

IT IS SO ORDERED.

_____
Hon. Charles Clawson, Jr.
Circuit Court Judge

Date: _____



Arkansas Judiciary

**Case Title:**      PORTFOLIO RECOVERY ASSOC V YYUVONE
                     CHILDERS
**Case Number:**    23CV-20-16

**Type:**            ORDER MOTION DENIED

So Ordered

Judge Charles E Clawson

Electronically signed by CECLAWSON on 2020-02-18 14:47:51    page 2 of 2

## Verification

State of Arkansas      )
County of Faulkner     )

Under 28 U.S.C. § 1746, Plaintiff Joy Yyuvone Heidelberger, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.    I am the Plaintiff in this civil proceeding.

2.    I have read the foregoing Complaint prepared by my attorneys.

3.    I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

4.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

5.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any Defendant.

6.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 1, 2020

Joy Yyuvone Heidelberger